## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **J.A. LANIER & ASSOCIATES, INC.** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NUMBER** |
| **VS.** | § | |
| | § | _____ |
| **ROBBINS ELECTRA** | § | |
| **MANAGEMENT, LLC** | § | |
| **and CHRISTINE DEFILIPPIS,** | § | |
| **Defendants** | § | **JURY** |

## NOTICE OF REMOVAL

AMERICAN LANDMARK MANAGEMENT, LLC f/k/a ROBBINS ELECTRA MANAGEMENT, LLC ("ALM") and CHRISTINE DEFILIPPIS ("DeFilippis") (collectively "Defendants") file this *Notice of Removal*, showing the Court as follows:

### I. IDENTIFICATION OF STATE COURT PROCEEDING REMOVED

1.      This is a civil action originally filed in the 431st Judicial District Court for Denton County, Texas in Cause No. 21-3264-431 entitled *J.A. Lanier & Associates, Inc.vs. Robbins Electra Management, LLC and Christine DeFilippis* (the "State Court Suit").

2.      Plaintiff asserts in its *Plaintiff's Original Petition* that Defendant ALM breached a contract whereby Plaintiff was to assist ALM in adjusting an insurance claim. Plaintiff further asserts that Defendant ALM and Defendant Defilippis engaged in fraud by seeking to circumvent its adjusting contract in resolving a claim.  Defendants dispute Plaintiffs' claims.

3.      Pursuant to Rule CV-81 of the Local Rules for the United States District Court for the Eastern District of Texas, the following materials are attached to this notice:

     a.      Exhibit A- Civil Cover Sheet.

      b.      Exhibit B- Certificate of Interested Parties.

      c.      Exhibit C - an index of the documents that have been filed in the state court action.

      d.      Exhibits C-1 through C-5 - a copy of the state court's docket sheet; and each document filed in the state court case (excluding discovery) arranged in chronological order.

      e.      Exhibit D - Copy of Notice to be Filed in State Court.

This includes all process, pleadings, and other papers served on Defendants to date in the State Court Suit.

## II. JURY DEMAND

4.      Plaintiff has demanded a jury trial in the State Court Suit.

## III.  TIMELINESS OF REMOVAL

5.      Plaintiff J.A. Lanier & Associates, Inc. ("J.A. Lanier") filed its lawsuit on April 20, 2021.  Service was made on Defendants by certified mail and the first Defendant to receive this mail was Defendant ALM on April 26, 2021. This *Notice of Removal*, together with all process, pleadings, and orders served on defendanst or otherwise on file in the State Court Suit, are being filed in this Court within 30 days after the initial service of citation on the first served Defendant.  The removal is therefore timely under 28 U.S.C. § 1446(b).

## IV.  THE EASTERN DISTRICT OF TEXAS IS THE PROPER VENUE UPON REMOVAL

6.      Venue is proper in this Court because it presides over the district and division embracing Denton County, Texas, where the State Court Suit was filed and is pending.  Promptly after the filing of this notice, Defendant will give written notice to all adverse parties and will file a copy of this notice with the clerk of the 431st Judicial District Court for Denton County, Texas. A copy of the notice that will be filed in state court is attached as Exhibit "D."

**NOTICE OF REMOVAL - Page 2**

## V.  BASIS OF JURISDICTION: DIVERSITY

7.    This Court has diversity jurisdiction in this cause pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff J.A. Lanier is now, and was at the time of filing its original petition, a Texas corporation with its primary place of business in Stockdale, Wilson County, Texas. ALM, is now, and was at the time of the filing of Plaintiff J.A. Lanier's original petition, a Delaware limited liability company with its principal place of business in Hillsborough County, Florida.  Additionally, ALM's individual members are citizens of the State of Florida, and its corporate member is incorporated in the State of Delaware and has its principal place of business in the State of New York.  Defendant Defilippis is an individual residing in Hillsborough County, Florida. As such, while Plaintiff is a citizen or resident of Texas, Defendants, and the members of Defendant ALM, are not.

## VI.  AMOUNT IN CONTROVERSY

8.    Plaintiff J.A. Lanier seeks contract damages of $58,000, contract related  expenses in the amount of $23,699.31, and an unspecified amount of exemplary damages. (Exhibit C-2, *Plaintiff's Original Petition*, Section VIII, Page 5-6).  Plaintiff additionally seeks an unspecified amount of attorneys' fees pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE Chapter 38 (Exhibit C-2,  *Plaintiff's Original Petition*, Section IX, page 6). Although the diversity statute (28 U.S.C. § 1332(a)) excludes from the calculation of the amount in controversy "interest and costs," attorneys' fees are not considered interest or costs when provided for by contract or state statute. *Graham v. Henegar,* 640 F.2d 732, 736 (5th Cir. 1981); *see also Foret* v. *Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir. 1990) ("attorney's fees may be included in determining the jurisdictional amount"); *Wald v. Allmerica  Fin. Life Ins. and Annuity Co.*, 2001 U.S. Dist. LEXIS 11847, 2001 WL 912380 at *1 (N.D. Tex. Aug. 9, 2001). ("amount in controversy includes

attorneys' fees if a plaintiff sues under a statute which entitles him to such fees"); *Holt v. State Farm Lloyds*, 1999 U.S. Dist. LEXIS 232, 1999 WL 20956, *2 (N.D. Tex. Jan. 7, 1999) (attorneys' fees included in amount in controversy where provided for under TEXAS INSURANCE CODE 21.21 and 21.55). Consequently, the amount of attorneys' fees sought by J. A Lanier is properly included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction. *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002).

9.     In the present case, the claimed actual damages and attorney's fees sought by J. A. Lanier in its *Plaintiff's Original Petition* exceed $75,000. Because there is complete diversity between the parties and their respective members, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

Wherefore, Defendants hereby remove Cause No. 21-3264-431 from the 431st Judicial District Court for Denton County, Texas to this court for trial and determination, and request that all further proceedings in state court be stayed.

Respectfully submitted,

_____
J. Douglas Uloth
douguloth@ulothlaw.com
State Bar No. 20273700
ULOTH, P.C.
5080 Spectrum Drive, Suite 1000 East
Addison, Texas 75001
(469) 791-0411
(888) 780-5946 (Telecopier)

ATTORNEY FOR AMERICAN LANDMARK
MANAGEMENT, LLC F/K/A/ ROBBINS
ELECTRA MANAGEMENT, LLC and
CHRISTINE DEFILIPPIS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the attorney for Plaintiff J.A. Lanier & Associates, Inc, Robert W. Loree, Loree & Lipscomb, The Terrace at Concord Park, 777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258 on May 21, 2021 pursuant to Texas Rule of Civil Procedure 21a.

_____
J. Douglas Uloth

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT A
Civil Cover Sheet, Form

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

J.A. LANIER & ASSOCIATES, INC.

**DEFENDANTS**

1) AMERICAN LANDMARK MANAGEMENT, LLC f/k/a ROBBINS ELECTRA MANAGEMENT, LLC
2) CHRISTINE DEFILIPPIS

**(b)** County of Residence of First Listed Plaintiff    Wilson County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hillsborough County, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert W. Loree, Loree & Lipscomb,
777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258
(210) 404-1320

Attorneys *(If Known)*
J. Douglas Uloth, Uloth, P.C.
5080 Spectrum Dr., Ste. 1000 East, Addison, TX 75001
(469) 791-0411

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1).

Brief description of cause:
1)Breach of contract; 2) fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Greater than $81,700

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
5/21/2021

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT B
*Certificate of Interested Parties*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| J.A. LANIER & ASSOCIATES, INC. | § | |
|     **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NUMBER** |
| | § | |
| **ROBBINS ELECTRA** | § | _____ |
| **MANAGEMENT, LLC** | § | |
| **and CHRISTINE DEFILIPPIS,** | § | |
|     **Defendants** | § | **JURY** |

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

The undersigned counsel of record certifies that the following persons have an interest in

Cause No. 21-3264-431 entitled *J.A. Lanier & Associates, Inc.vs. Robbins Electra Management,*

*LLC and Christine DeFilippis* currently pending in the 431st Judicial District Court for Denton

County, Texas.

1.      J.A. Lanier & Associates- Plaintiff.
          406 W. Main Street
          Stockton, Wilson County, TX 78160

2.      Loree & Lipscomb, Plaintiff's law firm.
          The Terrace at Concord Park
          777 E. Sonterra Blvd, Suite 320
          San Antonio, Texas 78258
          (210) 404-1320
          (210) 404-1310 (Fax)

3.      Robert W. Loree, Lead attorney for Plaintiff.
          State Bar No. 12579200
          rob@lhllawfirm.com
          The Terrace at Concord Park
          777 E. Sonterra Blvd, Suite 320
          San Antonio, Texas 78258
          (210) 404-1320
          (210) 404-1310 (Fax)

4.      American Landmark Management, LLC formerly known as Robbins Electra Management, LLC– Defendant.

    a.    Joseph G. Lubeck - Member/Manager.
        4890 W Kennedy Blvd, Suite 240
        Tampa, Hillsborough County, FL 33609-2587

    b.    James Miller- Member.
        4890 W Kennedy Blvd, Suite 240
        Tampa, Hillsborough County, FL 33609-2587

    c.    Elco North America II Inc., a Delaware corporation-Member.
        42 Broadway Ste 1815
        New York, New York County, NY 10004-3869

5.      Christine DeFilippis- Defendant.
      4890 W. Kennedy Blvd., Ste 240
      Tampa, Hillsborough County, FL 33609-2587

6.      Uloth, P.C. - Defendants' law firm.
      5080 Spectrum Drive, Suite 1000 East
      Addison, Texas 75001
      (469) 791-0411
      (888) 780-5946 (Fax)

7.      J. Douglas Uloth - Lead attorney for Defendants.
      douguloth@ulothlaw.com
      State Bar No. 20273700
      5080 Spectrum Drive, Suite 1000 East
      Addison, Texas 75001
      (469) 791-0411
      (888) 780-5946 (Fax)

Respectfully submitted,

_____
J. Douglas Uloth
douguloth@ulothlaw.com
State Bar No. 20273700
ULOTH, P.C.
5080 Spectrum Drive, Suite 1000 East
Addison, Texas 75001
(469) 791-0411
(888) 780-5946 (Telecopier)

ATTORNEY FOR AMERICAN
LANDMARK MANAGEMENT, LLC
F/K/A/ ROBBINS ELECTRA
MANAGEMENT, LLC and CHRISTINE
DEFILIPPIS

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT C
INDEX OF STATE COURT DOCUMENTS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **J.A. LANIER & ASSOCIATES, INC.** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NUMBER** |
| **VS.** | § | |
| | § | _____ |
| **ROBBINS ELECTRA** | § | |
| **MANAGEMENT, LLC** | § | |
| **and CHRISTINE DEFILIPPIS,** | § | |
| **Defendants** | | |

**INDEX OF STATE COURT DOCUMENTS**

| Tab | Document | Date Filed/Created |
|---|---|---|
| C-1 | *Declaration of Attorney Authenticating State Court Docket* with attached Exhibit A, Docket-431st Judicial District Court for Denton County, Texas. | 5/21/2021 |
| C-2 | *Plaintiff's Original Petition* | 4/20/2021 |
| C-3 | Citations | 4/21/2021 |
| C-4 | *Defendants' Answer and Affirmative Defenses.* | 5/14/2021 |
| C-5 | *Defendants' First Amended Answer and Affirmative Defenses* | 5/19/2021 |

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT C-1

Docket- 431st Judicial District Court for Denton County, Texas

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **J.A. LANIER & ASSOCIATES, INC.** | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NUMBER** |
| **VS.** | § | |
| | § | _____ |
| **ROBBINS ELECTRA** | § | |
| **MANAGEMENT, LLC** | § | |
| **and CHRISTINE DEFILIPPIS,** | § | |
| **Defendants** | § | **JURY** |

## DECLARATION OF ATTORNEY AUTHENTICATING STATE COURT DOCKET

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

1.      My name is James Douglas Uloth.  I have personal knowledge of the facts stated herein and they are all true and correct.

2.      I am more than 18 years of age, I have never been convicted of a felony or a crime involving moral turpitude, and I am fully competent to make this declaration.  I am licensed under the laws of the State of Texas as an attorney and have been licensed since November 1985.  I am currently in good standing with the State Bar of Texas.  I have personal knowledge of the facts stated herein, and they are all true and correct.

3.      The Denton County District Clerk ("District Clerk) maintains a site accessible at the internet address https://justice1.dentoncounty.gov/PublicAccess/default.aspx.  The docket sheet for cases currently pending before the District Courts of Denton County, Texas are available on that site and may be viewed and printed.

4.      I accessed and printed the docket for Cause No. 21-3264-431 entitled *J.A. Lanier &*

**DECLARATION OF ATTORNEY AUTHENTICATING STATE COURT RECORDS   - Page 1**

*Associates, Inc.vs. Robbins Electra Management, LLC and Christine DeFilippis* (the "State Court Suit") pending in the 431st Judicial District Court for Denton County, Texas.  The 2 pages attached to this affidavit as Exhibit "A" are the pages which I caused to be printed from the District Clerk's web site and accurately reflect the activity in the State Court Suit.

5.     I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas on May 21, 2021.

J. Douglas Uloth

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back    Location : ------ All District Courts ------   Help

**EXHIBIT
A**

# REGISTER OF ACTIONS
## CASE NO. 21-3264-431

| | |
|---|---|
| **J.A. Lanier & Associates, Inc. v. Robbins Electra Management, LLC, and Christine Defilippis** | § § § § § |

Case Type: **Debt/Contract: Consumer/DTPA**
Date Filed: **04/20/2021**
Location: **431st Judicial District Court**
Judicial Officer: **Johnson, James S.**
File Custody/Location: **District Clerk's Office**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **DeFilippis, Christine** | **Lead Attorneys**<br>**J. Douglas Uloth**<br>*Retained*<br>5080 Spectrum DR<br>STE 1000 East<br>Addison, TX 75001<br><br>469-791-0411(W)<br>888-780-5946(F) |
| **Defendant** | **Robbins Electra Management, LLC**<br>Removed: 05/20/2021<br>Duplicate entry | |
| **Defendant** | **Robbins Electra Management, LLC** | **J. Douglas Uloth**<br>*Retained*<br>5080 Spectrum DR<br>STE 1000 East<br>Addison, TX 75001<br><br>469-791-0411(W)<br>888-780-5946(F) |
| **Plaintiff** | **J.A. Lanier & Associates, Inc.** | **Robert W Loree**<br>*Retained*<br>777 E Sonterra BLVD<br>STE 320<br>San Antonio, TX 78258<br><br>210-404-1320(W)<br>210-404-1310(F) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/20/2021 | **Plaintiff's Original Petition** |
| 04/21/2021 | **Jury fee paid**<br>*(This entry only represents the payment of the jury fee - not a document filed with the clerk.)* |
| 04/21/2021 | **Citation**<br>*eserved in env 52681701*<br>  Robbins Electra Management, LLC    Unserved<br>  DeFilippis, Christine    Unserved |
| 05/14/2021 | **Defendant's Original Answer**<br>*and Affirmative Defenses*<br>Party:  DeFilippis, Christine<br>Party:  Robbins Electra Management, LLC |
| 05/18/2021 | **Record/Copy Request** |
| 05/19/2021 | **First Amended**<br>*Answer and Affirm Defenses*<br>Party:  DeFilippis, Christine<br>Party:  Robbins Electra Management, LLC |
| 12/20/2021 | **Docket Call**  (8:30 AM) (Judicial Officer Johnson, James S.)<br>*set by agreed email on 5/20/21* |
| 01/10/2022 | **Jury Trial**  (9:00 AM) (Judicial Officer Johnson, James S.)<br>*set by agreed email on 5/20/21* |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** J.A. Lanier & Associates, Inc. | |
| Total Financial Assessment | 333.00 |
| Total Payments and Credits | 333.00 |
| **Balance Due as of 05/21/2021** | **0.00** |

| 04/21/2021 | Transaction Assessment | | | 333.00 |
| 04/21/2021 | TexFile Payment | Receipt # 2021-11450 | J.A. Lanier & Associates, Inc. | (333.00) |

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

EXHIBIT C-2
*Plaintiff's Original Petition*

Denton County District Clerk
By: Kailei Klement, Deputy

CAUSE NO. _____

21-3264-431

| | | |
|---|---|---|
| J.A. LANIER & ASSOCIATES, INC. | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| v. | § | _____JUDICIAL DISTRICT |
| | § | |
| ROBBINS ELECTRA MANAGEMENT, LLC, | § | |
| And CHRISTINE DEFILIPPIS | § | |
| **Defendants** | § | DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.A. Lanier & Associates, Inc., files this original petition complaining of Defendants, Robbins Electra Management, LLC, and Christine DeFilippis, in which Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. In support of the petition, Plaintiff would show this honorable Court the following:

### I. Parties, Venue and Discovery Level

Plaintiff, J.A. Lanier & Associates, Inc. (hereinafter "Lanier"), is a Texas public adjusting firm located at 406 W. Main Street, Stockdale, Texas 78160.

Defendant, Robbins Electra Management, LLC (hereinafter "Robbins"), is a Florida Foreign Limited-Liability Company, doing business in Texas, and may be served by serving its registered agent for service, C T Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

Defendant, Christine DeFilippis (hereinafter "Defilippis"), is chief investment officer of American Landmark Apartments and may be served at her principal place of business at 4890 West Kennedy Blvd., Suite 240, Tampa, Florida 33609.

The venue of this case is proper in Denton County, Texas under Sections 15.002 of the Texas Civil Practices and Remedies Code.

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendant or their agents, officers, servants, employees, or representatives did such act or thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have been performed or have occurred.

## IV. Facts of the Case

In January of 2018, Defendant Defilippis contacted Plaintiff Lanier to obtain public adjusting services on behalf of Defendant Robbins for wind and hail damage at an apartment complex, the Carling on Frankford at 1811 East Frankfort Road, Carrolton, Texas 75007 (hereafter "the Carling"). On January 29, 2018, Joseph Lubeck, on behalf of Defendant Robbins, signed Lanier's public adjuster's contract to represent Defendant Robbins for any insurance claim concerning "wind storm and hail damage to buildings" at the Carling. Under this contract, Defendant Robbins agreed to pay Plaintiff Lanier, as its public insurance adjuster, ten percent (10%) of any amount collected, adjusted, or otherwise received or issued for settlement of insurance claims caused by wind storm or hail damage to the Carling. For the applicable loss, the contract stated: "to be determined."

Pursuant to their agreement, Plaintiff thereafter started adjusting Plaintiff's storm damage losses. Plaintiff informed the insurer about his retention as Defendants' public insurance adjuster and claims representative for the storm damage at the Carling. In February of 2018, with the consent of Defendant Defilippis and on behalf of Defendant Robbins, Plaintiff sent the insurance carrier a notice of loss concerning the storm damage to Defendant Robbin's

buildings at the Carling. To properly measure and document this storm damage, Plaintiff at his own expense retained the expert and consulting services of Corbin Kellison and Gary Treider with Chaparral Consulting and Forensics. They inspected the property, documented and reported on the storm damage, and estimated the cost to properly repair the storm damage to the buildings at the Carling. For their services and reports, Plaintiff paid Mr. Kellison $17,000 and Mr. Treider $6,999.31. Plaintiff also expended many man-hours by attending and conducting multiple inspections of the property and meetings with the experts and representatives of the insurer.

Based on this investigation and adjustment, Plaintiff estimated the cost to properly repair the storm damage to the Carling at $994,410.38. During the adjustment of the claim, however, in November of 2018, Defendants, DeFilippis and Robbins, had all of the roofs of the Carling property replaced and paid for by its new insurer. Plaintiff did not know that Defendants had filed a second claim with its new insurer on the property and storm damage that Plaintiff Lanier was contracted to adjust. Furthermore, Defendants used the claim information and estimates that Plaintiff had paid for when submitting its second claim. Plaintiff believes that Defendant Robbins was paid approximately $583,000 for its windstorm and hail damage loss to its buildings at the Carling. Even though Plaintiff Lanier had a contract that would apply to any alleged new loss and claim at the Carling, Defendants, Robbins and DeFilippis, filed and pursued an alleged new loss without Plaintiff Lanier's knowledge or consent to fraudulently avoid paying Plaintiff his contractual 10% public adjuster's fee. The filing of a claim with a different insurer did not change or modify the contract that Plaintiff has with Defendant Robbins.

After Plaintiff became aware of the payment on the new claim, Plaintiff contacted Defendant DeFilippis and advised her that his contract applied to the recent payment made by the second insurer. Defendant DeFilippis disputed that application, but then inconsistently and on behalf of Robbins DeFilippis sent a February 11, 2019 email to the carrier's adjuster, Philip Ambrose, on its initial 2016 insurance claim demanding payment of the deductible buy down

amount on its initial claim of $75,000, even though Defendants knew that they had already been fully paid and compensated on the second insurance claim. In this respect, Defendants were trying to obtain benefits from the first claim and Defendant DeFilippis's conduct reveals Defendants' fraudulent inclinations.

Under the subject contract and the assignment of interest in insurance proceeds, Plaintiff has a 10% interest in all insurance proceeds paid to Defendants for storm damage at the Carling. Despite Plaintiff's requests for payment, Defendants have failed and refused to pay Plaintiff its ten percent public adjuster's fee owed under the January 29, 2018 contract on the insurance payment issued to Defendant Robbins for the wind storm and hail damage to the buildings at the Carling. By doing so, Defendants have breached Plaintiff Lanier's public adjuster's contract, and Defendants also have fraudulently deprived it of its 10% public adjuster's fee of approximately $58,000.

### V. Cause of Action for Breach of Contract

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant Robbins for breach of contract. Defendant agreed to pay Plaintiff ten percent (10%) of any amount collected, adjusted, or otherwise received or issued for settlement of insurance claims caused by wind storm or hail damage to the Carling. Even though Plaintiff performed under this contract by investigating the subject storm damage on which Plaintiff incurred investigatory costs on behalf of Defendant, Robbins failed and refused to pay Plaintiff its 10% interest in the insurance proceeds Defendant obtained for the subject storm damage to the Carling of approximately $58,000. By doing so, Robbins has breached its contractual obligations and the assignment of insurance proceeds in the subject contract. As a result of the breach of contract, Plaintiff has suffered the damages that are described in this petition, which damages are within the jurisdictional limits of this court.

## VI. <u>Cause of Action for Common Law Fraud</u>

Plaintiff incorporates all the allegations in this petition for this causes of action against Defendants for common law fraud. Defendants DeFilippis and Robbins knowingly or recklessly made a false promise of future performance to Plaintiff that it would be paid 10% of any insurance proceeds that Defendants collected, adjusted, or otherwise received or issued for settlement of insurance claims cause by wind storm or hail damage to the Carling. Defendants' false promise to Plaintiff was material because Plaintiff relied upon it in providing its public adjusting services for Defendants on Robbins' insurance claims on the Carling. In this respect, Plaintiff justifiable relied on Defendants' false promises of future conduct and have caused Plaintiff damages that are within the jurisdictional limits of this court.

## VII. <u>Cause of Action for Fraud By Nondisclosure</u>

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants Robbins and Defilipps for fraud by nondisclosure. Defendants intentionally concealed material information in regards to pursuing a second insurance claim for storm damage at the Carling. Plaintiff had no knowledge that Defendants had filed a second claim with a new insurer on the property and storm damage that Plaintiff was contracted to adjust. Plaintiff continued to expend time and money in adjusting Defendant's Robbins insurance claim to its detriment while Defendants were adjusting another claim for storm damage at the Carling through a roofer without Plaintiff's knowledge or consent. Due to Defendant's fraudulent conduct, Plaintiff has suffered the damages described herein, which damages are within the jurisdictional limits of this court.

## VIII. <u>Damages</u>

Through the above-described acts, omissions, failures, and conduct of Defendants, Plaintiff has sustained injury and damages that include, without limitation, its 10% public adjuster's fee of approximately $58,000, plus Plaintiff's investigative costs that it incurred for

Defendants in the amount of $23,699.31, attorney's fees, prejudgment interest, and costs. All these damages are within the jurisdictional limits of the Court.

Due to their fraud, Plaintiff is also entitled to recover exemplary damages against Defendants. Defendants' fraud was committed intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

## IX. Attorney's Fees

As a result of the Defendants' conduct described in this petition, Plaintiff has retained the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff *demands a trial by jury* and also requests that Defendants be cited to appear and answer herein and that on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. All actual and exemplary damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorney's fees through trial and on appeal;
3. Pre-judgment and post-judgment interest as provided by law;
4. Costs of court; and
5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310

By:  */s/ Robert W. Loree*
     Robert W. Loree
     State Bar No. 12579200
     rob@lhllawfirm.com

Attorney for Plaintiff

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT C-3
*Citations*

---

## CITATION –TRC 99 and 106

---

THE STATE OF TEXAS                                      COUNTY OF DENTON

### CAUSE NO. 21-3264-431

**TO: Christine DeFilippis, 4890 West Kennedy Blvd., Ste 240, Tampa, FL 33609 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 431st Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 21-3264-431 |
| Date of Filing: | April 20, 2021 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | J.A. Lanier & Associates, Inc.; Robbins Electra Management, LLC; Christine DeFilippis |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Robert W. Loree<br>777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258 |

Issued under my hand and seal of this said court on this the 21st day of April, 2021.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____ , Deputy
Kailei Klement

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the   within   named _____ _____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at _____.

Service Fee: $ _____          _____ Sheriff/Constable
                                     _____ County, Texas

Service ID No. _____                    _____
                                                   Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___
_____ Notary Public

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

**DAVID TRANTHAM**
DENTON COUNTY DISTRICT CLERK

5/18/2021
Date          By: _____
                         Deputy Clerk

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                                 COUNTY OF DENTON

**CAUSE NO. 21-3264-431**

**TO: Robbins Electra Management, LLC, 1200 South Pine Island Road, Plantation, FL 33324 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 431st Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 21-3264-431 |
| Date of Filing: | April 20, 2021 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | J.A. Lanier & Associates, Inc.; Robbins Electra Management, LLC; Christine DeFilippis |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Robert W. Loree<br>777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258 |

Issued under my hand and seal of this said court on this the 21st day of April, 2021.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Kailei Klement

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ _____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at _____.

Service Fee: $ _____           _____ Sheriff/Constable
                                               _____ County, Texas

Service ID No. _____                        Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___
_____ Notary Public

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE

**DAVID TRANTHAM**

**DENTON COUNTY DISTRICT CLERK**

5/18/2021
Date    By: _____ Deputy Clerk

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT C-4

*Defendants' Answer and Affirmative Defenses*

FILED 5/14/2021 3:04 PM
David Trantham
Denton County District Clerk
By: Heather Fuller, Deputy

NO. 21-3264-431

| | | |
|---|---|---|
| **J.A. LANIER & ASSOCIATES, INC.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **431ST JUDICIAL DISTRICT** |
| | § | |
| **ROBBINS ELECTRA** | § | |
| **MANAGEMENT, LLC** | § | |
| **and CHRISTINE DEFILIPPIS,** | § | |
| **Defendants.** | § | **DENTON COUNTY, TEXAS** |

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**</u>

TO THE HONORABLE JONATHAN M. BAILEY:

AMERICAN LANDMARK MANAGEMENT, LLC f/k/a ROBBINS ELECTRA MANAGEMENT, LLC ("ALM") and CHRISTINE DEFILIPPIS ("DeFilippis") (collectively "Defendants") file this answer to the *Plaintiff's Original Petition* (the "Plaintiff's Petition") and show the court the following:

**GENERAL DENIAL**

1.    In accordance with TEXAS RULE OF CIVIL PROCEDURE 92, Defendants deny, all and singular, each and every allegation contained in the Plaintiff's Petition, and state that said allegations are not true in whole or in part, and demand strict proof thereof by a preponderance of the evidence.

**SPECIFIC DENIAL**

2.    Pleading in the alternative, should such be necessary, Defendants specifically deny, pursuant to TEXAS RULE OF CIVIL PROCEDURE 54, that all conditions precedent to Plaintiff's institution of suit have occurred or been performed. In particular Defendants specifically deny that Plaintiff has substantially performed any contract between the parties.

**AFFIRMATIVE DEFENSES**

3.    ABSENCE OF CONSIDERATION.  Property owned by ALM was damaged in a March,

2016 hail storm. ALM was represented by Engle Martin & Associates in connection with the presentation of the primary claim against Policy Number PRO0043961-01 underwritten by Indian Harbor Ins. Co. (XL Group) (the "2016 Hail Claim"). The 2016 Hail Claim was paid and the damage repaired prior to Plaintiff's engagement and Plaintiff performed no services with respect to the 2016 Hail Claim. Consequently, Plaintiff's claim to payment under the Public Insurance Adjuster Contract (the "Contract") dated January 24, 2018 for insurance proceeds paid on the 2016 Hail Claim is not supported by consideration and Plaintiff is not entitled to payment for such proceeds.

4.    FIRST MATERIAL BREACH: Following the resolution of the 2016 Hail Claim, pursuant to the Contract, Plaintiff was engaged to perform services relating to efforts to recover the deductible not paid in conjunction with the resolution of the 2016 Hail Claim by means of a further claim against deductible buy-down insurance, policy number AOP-150429, issued by Underwriters at Lloyd's, London (the "Buy Down Claim"). Plaintiff failed to perform the work required of it under the Contract with respect to the Buy Down Claim and has consequently committed a material breach of the Contract which excuses any payment by Defendants.

5.    NO ATTORNEYS' FEES- ALM. Plaintiff's claim for attorneys' fees derives from TEX. CIV. PRAC. & REM. CODE Chapter 38.  However, such statute does not permit the recovery of attorneys' fees from a limited liability company. *See Varel Int'l Indus., L.P. v. PetroDrillBits Int'l, Inc.*, 2016 Tex. App. LEXIS 9619, at *20 (Tex. App.--Dallas Aug. 30, 2016) ("Under the plain language of section 38.001, a trial court cannot order limited liability partnerships (L.L.P.), limited liability companies (L.L.C.), or limited partnerships (L.P.) to pay attorneys' fees."). Further, any recovery of attorneys' fees against Defendant DeFillipis is limited to fees allocable to the successful prosecution, if any, of the claim asserted against her.

WHEREFORE, PREMISES CONSIDERED, Defendants AMERICAN LANDMARK MANAGEMENT, LLC f/k/a ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS request that J.A. LANIER & ASSOCIATES, INC. take nothing by its suit.

Respectfully submitted,

_____

J. Douglas Uloth
douguloth@ulothlaw.com
State Bar No. 20273700
ULOTH, P.C.
5080 Spectrum Drive, Suite 1000 East
Addison, Texas 75001
(469) 791-0411
(888) 780-5946 (Telecopier)

ATTORNEY FOR AMERICAN LANDMARK MANAGEMENT, LLC F/K/A/ ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the attorney for Plaintiff J.A. Lanier & Associates, Inc, Robert W. Loree, Loree & *Lipscomb,* The Terrace at Concord Park, 777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258 on May 14, 2021 pursuant to Texas Rule of Civil Procedure 21a.

_____

J. Douglas Uloth

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS**

# EXHIBIT C-5

*Defendants' First Amended Answer and Affirmative Defenses*

FILED: 5/13/2021 6:40 PM
David Trantham
Denton County District Clerk
By: Velia Duong, Deputy

**NO. 21-3264-431**

| | | |
|---|---|---|
| **J.A. LANIER & ASSOCIATES, INC.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **431ST JUDICIAL DISTRICT** |
| | § | |
| **ROBBINS ELECTRA** | § | |
| **MANAGEMENT, LLC** | § | |
| **and CHRISTINE DEFILIPPIS,** | § | |
| **Defendants.** | § | **DENTON COUNTY, TEXAS** |

**DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JONATHAN M. BAILEY:

AMERICAN LANDMARK MANAGEMENT, LLC f/k/a ROBBINS ELECTRA MANAGEMENT, LLC ("ALM") and CHRISTINE DEFILIPPIS ("DeFilippis") (collectively "Defendants") file this answer to the *Plaintiff's Original Petition* (the "Plaintiff's Petition") and show the court the following:

**GENERAL DENIAL**

1.     In accordance with TEXAS RULE OF CIVIL PROCEDURE 92, Defendants deny, all and singular, each and every allegation contained in the Plaintiff's Petition, and state that said allegations are not true in whole or in part, and demand strict proof thereof by a preponderance of the evidence.

**SPECIFIC DENIAL**

2.      Pleading in the alternative, should such be necessary, Defendants specifically deny, pursuant to TEXAS RULE OF CIVIL PROCEDURE 54, that all conditions precedent to Plaintiff's institution of suit have occurred or been performed. In particular Defendants specifically deny that Plaintiff has substantially performed any contract between the parties.

**AFFIRMATIVE DEFENSES**

3.     ABSENCE OF CONSIDERATION.  Property owned by ALM was damaged in a March,

2016 hail storm. ALM was represented by Engle Martin & Associates in connection with the presentation of the primary claim against Policy Number PRO0043961-01 underwritten by Indian Harbor Ins. Co. (XL Group) (the "2016 Hail Claim"). The 2016 Hail Claim was paid and the damage repaired prior to Plaintiff's engagement and Plaintiff performed no services with respect to the 2016 Hail Claim. Consequently, Plaintiff's claim to payment under the Public Insurance Adjuster Contract (the "Contract") dated January 24, 2018 for insurance proceeds paid on the 2016 Hail Claim is not supported by consideration and Plaintiff is not entitled to payment for such proceeds.

4.     AMBIGUITY.  The Contract is ambiguous and fails to identify the insured event and property damage to which it relates.  Consequently, parol evidence is required to identify the subject matter of the Contract as Defendant ALM's claim against deductible buy-down insurance, policy number AOP-150429, issued by Underwriters at Lloyd's, London (the "Buy Down Claim"). Further, under the doctrine of *contra proferentem*, the non-standard provisions of the Contract inserted by J.A. Lanier should be construed against it.

5.     FIRST MATERIAL BREACH: Pursuant to the Contract, Plaintiff was engaged to perform services relating to efforts to recover the deductible not paid in conjunction with the resolution of the 2016 Hail Claim by means of the Buy Down Claim. Plaintiff failed to perform the work required of it under the Contract with respect to the Buy Down Claim and has consequently committed a material breach of the Contract which excuses any payment by Defendants.

6.     NO MEETING OF THE MINDS.  To the extent that J. A. Lanier seeks to attach the January 24, 2018 Contract to a June 2018 hail storm forming the basis for an insurance claim made by ALM, no meeting of the minds occurred between the parties sufficient to form a contract with respect to the June 2018 hail storm.

**DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES - Page 2**

7.    PROPORTIONATE RESPONSIBILITY. In the alternative, and without waiver of any other defense, Plaintiffs' claims are subject to the provisions of the TEX. CIV. PRAC. & REM. CODE, § 33.001, *et seq*., regarding comparative, contributory and proportionate responsibility.

8.    NO ATTORNEYS' FEES- ALM. Plaintiff's claim for attorneys' fees derives from TEX. CIV. PRAC. & REM. CODE Chapter 38.   However, such statute does not permit the recovery of attorneys' fees from a limited liability company. *See Varel Int'l Indus., L.P. v. PetroDrillBits Int'l, Inc.*, 2016 Tex. App. LEXIS 9619, at *20 (Tex. App.--Dallas Aug. 30, 2016) ("Under the plain language of section 38.001, a trial court cannot order limited liability partnerships (L.L.P.), limited liability companies (L.L.C.), or limited partnerships (L.P.) to pay attorneys' fees."). Further, any recovery of attorneys' fees against Defendant DeFillipis is limited to fees allocable to the successful prosecution, if any, of the claim asserted against her.

WHEREFORE, PREMISES CONSIDERED, Defendants AMERICAN LANDMARK MANAGEMENT, LLC f/k/a ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS request that J.A. LANIER & ASSOCIATES, INC. take nothing by its suit.

Respectfully submitted,

J. Douglas Uloth

_____
J. Douglas Uloth
douguloth@ulothlaw.com
State Bar No. 20273700
ULOTH, P.C.
5080 Spectrum Drive, Suite 1000 East
Addison, Texas 75001
(469) 791-0411
(888) 780-5946 (Telecopier)

ATTORNEY FOR AMERICAN LANDMARK MANAGEMENT, LLC F/K/A/ ROBBINS ELECTRA MANAGEMENT, LLC and CHRISTINE DEFILIPPIS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the attorney for Plaintiff J.A. Lanier & Associates, Inc, Robert W. Loree, Loree & Lipscomb, The Terrace at Concord Park, 777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258 on May 19, 2021 pursuant to Texas Rule of Civil Procedure 21a.

_____
J. Douglas Uloth

**J.A. LANIER & ASSOCIATES, INC.  vs. ROBBINS ELECTRA MANAGEMENT, LLC
and CHRISTINE DEFILIPPIS**

# EXHIBIT D
*Defendants' Notice of Filing Notice of Removal*

NO. 21-3264-431

| | | |
|---|---|---|
| J.A. LANIER & ASSOCIATES, INC., | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | 431ST JUDICIAL DISTRICT |
| | § | |
| ROBBINS ELECTRA | § | |
| MANAGEMENT, LLC | § | |
| and CHRISTINE DEFILIPPIS, | § | |
|     Defendants. | § | DENTON COUNTY, TEXAS |

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

On May 21, 2021, Defendants filed the attached *Notice of Removal* in the Office of the Clerk of the United States District Court for the Eastern District of Texas, Sherman Division.  Pursuant to 28 U.S.C. § 1446(d), this Court shall not take any further action in this matter until such time, if any, as this case is remanded to this Court.

        Respectfully submitted,

        *J. Douglas Uloth*

        _____
        J. Douglas Uloth
        douguloth@ulothlaw.com
        State Bar No. 20273700
        ULOTH, P.C.
        5080 Spectrum Drive, Suite 1000 East
        Addison, Texas 75001
        (469) 791-0411
        (888) 780-5946 (Telecopier)

        ATTORNEY FOR AMERICAN LANDMARK
        MANAGEMENT, LLC F/K/A/ ROBBINS
        ELECTRA MANAGEMENT, LLC and
        CHRISTINE DEFILIPPIS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the attorney for Plaintiff J.A. Lanier & Associates, Inc, Robert W. Loree, Loree & Lipscomb, The Terrace at Concord Park, 777 E. Sonterra Blvd, Suite 320, San Antonio, Texas 78258 on May 21, 2021 pursuant to Texas Rule of Civil Procedure 21a.

_____

J. Douglas Uloth

**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL - Page 2**