CAUSE NO. 21-3264-431

| | | |
|---|---|---|
| J.A. LANIER & ASSOCIATES, INC. § | | IN THE DISTRICT COURT |
| § | | |
| Plaintiff § | | |
| v. § | | _____ JUDICIAL DISTRICT |
| § | | |
| ROBBINS ELECTRA MANAGEMENT, LLC, § | | |
| And CHRISTINE DEFILIPPIS § | | |
| § | | |
| Defendants § | | DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, J.A. Lanier & Associates, Inc., files this original petition complaining of Defendants, Robbins Electra Management, LLC, and Christine DeFilippis, in which Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. In support of the petition, Plaintiff would show this honorable Court the following:

### I. Parties, Venue and Discovery Level

Plaintiff, J.A. Lanier & Associates, Inc. (hereinafter "Lanier"), is a Texas public adjusting firm located at 406 W. Main Street, Stockdale, Texas 78160.

Defendant, Robbins Electra Management, LLC (hereinafter "Robbins"), is a Florida Foreign Limited-Liability Company, doing business in Texas, and may be served by serving its registered agent for service, C T Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

Defendant, Christine DeFilippis (hereinafter "Defilippis"), is chief investment officer of American Landmark Apartments and may be served at her principal place of business at 4890 West Kennedy Blvd., Suite 240, Tampa, Florida 33609.

The venue of this case is proper in Denton County, Texas under Sections 15.002 of the Texas Civil Practices and Remedies Code.

1

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendant or their agents, officers, servants, employees, or representatives did such act or thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have been performed or have occurred.

## IV. Facts of the Case

In January of 2018, Defendant Defilippis contacted Plaintiff Lanier to obtain public adjusting services on behalf of Defendant Robbins for wind and hail damage at an apartment complex, the Carling on Frankford at 1811 East Frankfort Road, Carrolton, Texas 75007 (hereafter "the Carling"). On January 29, 2018, Joseph Lubeck, on behalf of Defendant Robbins, signed Lanier's public adjuster's contract to represent Defendant Robbins for any insurance claim concerning "wind storm and hail damage to buildings" at the Carling. Under this contract, Defendant Robbins agreed to pay Plaintiff Lanier, as its public insurance adjuster, ten percent (10%) of any amount collected, adjusted, or otherwise received or issued for settlement of insurance claims caused by wind storm or hail damage to the Carling. For the applicable loss, the contract stated: "to be determined."

Pursuant to their agreement, Plaintiff thereafter started adjusting Plaintiff's storm damage losses. Plaintiff informed the insurer about his retention as Defendants' public insurance adjuster and claims representative for the storm damage at the Carling. In February of 2018, with the consent of Defendant Defilippis and on behalf of Defendant Robbins, Plaintiff sent the insurance carrier a notice of loss concerning the storm damage to Defendant Robbin's

2

buildings at the Carling. To properly measure and document this storm damage, Plaintiff at his own expense retained the expert and consulting services of Corbin Kellison and Gary Treider with Chaparral Consulting and Forensics. They inspected the property, documented and reported on the storm damage, and estimated the cost to properly repair the storm damage to the buildings at the Carling. For their services and reports, Plaintiff paid Mr. Kellison $17,000 and Mr. Treider $6,999.31. Plaintiff also expended many man-hours by attending and conducting multiple inspections of the property and meetings with the experts and representatives of the insurer.

Based on this investigation and adjustment, Plaintiff estimated the cost to properly repair the storm damage to the Carling at $994,410.38. During the adjustment of the claim, however, in November of 2018, Defendants, DeFilippis and Robbins, had all of the roofs of the Carling property replaced and paid for by its new insurer. Plaintiff did not know that Defendants had filed a second claim with its new insurer on the property and storm damage that Plaintiff Lanier was contracted to adjust. Furthermore, Defendants used the claim information and estimates that Plaintiff had paid for when submitting its second claim. Plaintiff believes that Defendant Robbins was paid approximately $583,000 for its windstorm and hail damage loss to its buildings at the Carling. Even though Plaintiff Lanier had a contract that would apply to any alleged new loss and claim at the Carling, Defendants, Robbins and DeFilippis, filed and pursued an alleged new loss without Plaintiff Lanier's knowledge or consent to fraudulently avoid paying Plaintiff his contractual 10% public adjuster's fee. The filing of a claim with a different insurer did not change or modify the contract that Plaintiff has with Defendant Robbins.

After Plaintiff became aware of the payment on the new claim, Plaintiff contacted Defendant DeFilippis and advised her that his contract applied to the recent payment made by the second insurer. Defendant DeFilippis disputed that application, but then inconsistently and on behalf of Robbins DeFilippis sent a February 11, 2019 email to the carrier's adjuster, Philip Ambrose, on its initial 2016 insurance claim demanding payment of the deductible buy down

3

amount on its initial claim of $75,000, even though Defendants knew that they had already been fully paid and compensated on the second insurance claim. In this respect, Defendants were trying to obtain benefits from the first claim and Defendant DeFilippis's conduct reveals Defendants' fraudulent inclinations.

Under the subject contract and the assignment of interest in insurance proceeds, Plaintiff has a 10% interest in all insurance proceeds paid to Defendants for storm damage at the Carling. Despite Plaintiff's requests for payment, Defendants have failed and refused to pay Plaintiff its ten percent public adjuster's fee owed under the January 29, 2018 contract on the insurance payment issued to Defendant Robbins for the wind storm and hail damage to the buildings at the Carling. By doing so, Defendants have breached Plaintiff Lanier's public adjuster's contract, and Defendants also have fraudulently deprived it of its 10% public adjuster's fee of approximately $58,000.

## V. Cause of Action for Breach of Contract

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant Robbins for breach of contract. Defendant agreed to pay Plaintiff ten percent (10%) of any amount collected, adjusted, or otherwise received or issued for settlement of insurance claims caused by wind storm or hail damage to the Carling. Even though Plaintiff performed under this contract by investigating the subject storm damage on which Plaintiff incurred investigatory costs on behalf of Defendant, Robbins failed and refused to pay Plaintiff its 10% interest in the insurance proceeds Defendant obtained for the subject storm damage to the Carling of approximately $58,000. By doing so, Robbins has breached its contractual obligations and the assignment of insurance proceeds in the subject contract. As a result of the breach of contract, Plaintiff has suffered the damages that are described in this petition, which damages are within the jurisdictional limits of this court.

## VI. Cause of Action for Common Law Fraud

Plaintiff incorporates all the allegations in this petition for this causes of action against Defendants for common law fraud. Defendants DeFilippis and Robbins knowingly or recklessly made a false promise of future performance to Plaintiff that it would be paid 10% of any insurance proceeds that Defendants collected, adjusted, or otherwise received or issued for settlement of insurance claims cause by wind storm or hail damage to the Carling. Defendants' false promise to Plaintiff was material because Plaintiff relied upon it in providing its public adjusting services for Defendants on Robbins' insurance claims on the Carling. In this respect, Plaintiff justifiable relied on Defendants' false promises of future conduct and have caused Plaintiff damages that are within the jurisdictional limits of this court.

## VII. Cause of Action for Fraud By Nondisclosure

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants Robbins and Defilipps for fraud by nondisclosure. Defendants intentionally concealed material information in regards to pursuing a second insurance claim for storm damage at the Carling. Plaintiff had no knowledge that Defendants had filed a second claim with a new insurer on the property and storm damage that Plaintiff was contracted to adjust. Plaintiff continued to expend time and money in adjusting Defendant's Robbins insurance claim to its detriment while Defendants were adjusting another claim for storm damage at the Carling through a roofer without Plaintiff's knowledge or consent. Due to Defendant's fraudulent conduct, Plaintiff has suffered the damages described herein, which damages are within the jurisdictional limits of this court.

## VIII. Damages

Through the above-described acts, omissions, failures, and conduct of Defendants, Plaintiff has sustained injury and damages that include, without limitation, its 10% public adjuster's fee of approximately $58,000, plus Plaintiff's investigative costs that it incurred for

Defendants in the amount of $23,699.31, attorney's fees, prejudgment interest, and costs. All these damages are within the jurisdictional limits of the Court.

Due to their fraud, Plaintiff is also entitled to recover exemplary damages against Defendants. Defendants' fraud was committed intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter these Defendants and others similarly situated from committing similar acts in the future.

## IX. Attorney's Fees

As a result of the Defendants' conduct described in this petition, Plaintiff has retained the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff *demands a trial by jury* and also requests that Defendants be cited to appear and answer herein and that on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. All actual and exemplary damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorney's fees through trial and on appeal;
3. Pre-judgment and post-judgment interest as provided by law;
4. Costs of court; and
5. Such other and further relief to which Plaintiff may be justly entitled.

6

                Respectfully submitted,

                *Loree & Lipscomb*
                The Terrace at Concord Park
                777 E. Sonterra Blvd, Suite 320
                San Antonio, Texas 78258
                Telephone: (210) 404-1320
                Facsimile:  (210) 404-1310

                By: */s/ Robert W. Loree*
                      Robert W. Loree
                      State Bar No. 12579200
                      rob@lhllawfirm.com

                Attorney for Plaintiff